# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**RUSSELL T. CAMPBELL, #59228**                                                             **PLAINTIFF**

V.                                          **CIVIL ACTION NO. 2:10-CV-90-KS-MTP**

**CHIQUIDA BROWN, et al.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [55] filed by Defendants Viadan Brewer, Chiquida Brown, Nina Enlers, and Ronnie Lampley, and Plaintiff's Section 1983 claims against them in their official capacities are **dismissed with prejudice**.

## I. BACKGROUND[1]

Plaintiff's claims stem from the alleged use of excessive force on May 20, 2009, while he was a post-conviction inmate at South Mississippi Correctional Institution-II ("SMCI-II"). He has since been released from incarceration.

Plaintiff alleges that he was taken to Defendant Chiquida Brown's office for questioning after he wrote a letter to Defendant Lorie Dees (identified by Plaintiff as "Dee"). He alleges that Defendant Latorree Powe (identified by Plaintiff as Latoya Polk) struck him in the right jaw during the meeting, and that Defendants Powe, Brown, Brandon Dykes (identified by Plaintiff as "Diceson"), Viadan Brewer, and Ashley Roberts (identified by Plaintiff as "Robertson") jumped on him. Plaintiff further

---

[1]The Court's recitation of the factual background of this matter borrows heavily from the Magistrate Judge's Omnibus Order [35] entered on December 14, 2010.

alleges that Defendant Brown hit him with a radio, and that he sustained serious injuries from the Defendants' actions, the most serious of which was a broken ankle. Defendants Ronnie Lampley and Nina Enlers allegedly failed to report the incident, despite being aware of it. Plaintiff seeks monetary damages.

On April 12, 2012, Defendants Brown, Brewer, Lampley, and Enlers filed a Motion to Dismiss [55] Plaintiff's claims against them in their official capacity on the basis of Eleventh Amendment sovereign immunity. The pretrial conference in this matter was scheduled for that same day, but Plaintiff represented to the Court that he had retained counsel in this matter, and that his counsel was unable to attend the pretrial conference because of a death in his family. Accordingly, the Court continued the pretrial conference.

On April 13, 2012, the Court – as is its custom – entered an order [58] setting out the specific dates on which the parties' briefing on the Motion to Dismiss [55] was due. The Court set April 30, 2012, as Plaintiff's response deadline.

On April 19, 2012, Plaintiff's counsel first appeared in this matter, and he filed a motion to continue [60] the trial, which was scheduled for a two-week term beginning on May 7, 2012. The Court granted the motion on April 27, 2012 [62].

Plaintiff never filed a response to Defendants' Motion to Dismiss or sought an extension of time in which to do so. It is now over three weeks since the motion was filed, and over two weeks since Plaintiff's counsel first appeared in this matter. Accordingly, the motion is ripe for review.

## II. DISCUSSION

2

Defendants Brown, Brewer, Lampley, and Enlers argue that Plaintiffs' 42 U.S.C. § 1983 claims against them in their official capacities are barred by the Eleventh Amendment. "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R.R. v. La. PSC*, 662 F.3d 336, 340 (5th Cir. 2011). Of course, the Eleventh Amendment also bars suits against state officials in their official capacities, as such suits are actually against the state itself. *McKinley v. Abbot*, 643 F.3d 403, 406 (5th Cir. 2011).[2] There are several factors, however, which limit the application of Eleventh Amendment immunity. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 593 (5th Cir. 2006).

First, a state may consent to suit. *Id.* "Where, on its own initiative, a state enacts a statute that consents to suit, it abandons sovereign immunity." *Id.* Through the Mississippi Tort Claims Act ("MTCA"),[3] "Mississippi waived its immunity in a limited fashion for certain tort actions." *Black*, 461 F.3d at 594. However, Mississippi specifically preserved the sovereign immunity granted by the Eleventh Amendment. MISS. CODE. ANN. § 11-46-5(f).

Second, a state can waive sovereign immunity. *Union Pac. R.R.*, 662 F.3d at 340. "Waiver is present if the state voluntarily invokes federal-court jurisdiction or if it makes a 'clear declaration' that it intends to submit to federal jurisdiction." *Id.* (quoting

---

[2]The exception for prospective injunctive relief under *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), is not applicable here, as Plaintiff seeks monetary damages.

[3]MISS. CODE ANN. §§ 11-46-1, *et al*.

3

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)). In the present case, Defendants did not voluntarily invoke federal jurisdiction, and they have not made any declaration that they intend to submit to it. Further, "participation by the state in an action does not necessarily preclude a later assertion of Eleventh Amendment immunity." *Id.* at 342. In fact, the state can even raise the issue for the first time on appeal. *Id.* Therefore, it makes no difference that the moving Defendants waited until this late stage of the case to raise sovereign immunity.

Third, "Eleventh Amendment immunity may be abrogated by Congress as a means of enforcing the Fourteenth Amendment." *Union Pac. R.R.*, 662 F.3d at 340. However, "Section 1983 does not abrogate Eleventh Amendment immunity." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).

Finally, "state sovereign immunity prohibits private suits against States but not against lesser entities," such as "municipalities or other government entities that are not considered arms of the state." *Black*, 461 F.3d at 594. The moving Defendants are employees of the Mississippi Department of Corrections ("MDOC"). A suit against them in their official capacity is effectively a suit against MDOC. *Brooks v. George Cnty.*, 84 F.3d 157, 165 (5th Cir. 1996). MDOC is considered an arm of the state of Mississippi. MISS. CODE ANN. § 47-5-1. Therefore, this exception to Eleventh Amendment immunity is likewise inapplicable.

Therefore, the Court finds that Plaintiff's claims against Defendants Brown, Brewer, Lampley, and Enlers in their official capacities are barred by the Eleventh

4

Amendment. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars recovering § 1983 money damages from prison officials in their official capacity).[4]

### III. CONCLUSION

For the reasons stated above, the Court **grants** the Motion to Dismiss [55] filed by Defendants Viadan Brewer, Chiquida Brown, Nina Enlers, and Ronnie Lampley, and Plaintiff's Section 1983 claims against them in their official capacities are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this 22nd day of May, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4]Alternatively, the Court notes that Section 1983 provides a cause of action against any "person" who deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States while acting "under color" of state law. 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Plaintiff's claims against Defendants Brown, Brewer, Lampley, and Enlers should be dismissed for this reason as well.